IN THE COURT OF APPEALS
AT KNOXVILLE

F I L E D

July 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

WANDA ORTIZ DeGROOT              )   GREENE COUNTY
                                 )   03A01-9707-CV-00279
        Plaintiff-Appellee       )
                                 )
                                 )
            v.                   )   HON. KINDALL T. LAWSON,
                                 )   JUDGE
                                 )
MICHAEL DeGROOT                  )
                                 )
        Defendant-Appellant      )   AFFIRMED AND REMANDED

FRANCIS X. SANTORE and FRANCIS X. SANTORE, JR, OF GREENEVILLE FOR
APPELLANT

EDWARD L. KERSHAW OF GREENEVILLE FOR APPELLEE

O P I N I O N

Goddard, P.J.

The controversy in this appeal concerns the award of
custody of Andrew, the parties' two-year-old son, to the mother.

The father appeals, raising two issues and several sub-
issues, all of which may be re-stated to contend that the
evidence preponderates against a finding that it is in the best
interest of Andrew that custody be awarded to the mother.

The record shows that the mother has four other children by previous marriages, three by David Arietta, one by Jerry Cutshaw, a daughter Ashley who lives with the mother, and one by Michael DeGroot, Andrew. She also has a daughter, Samantha, by Timothy Campbell, the party with whom she was living at the time of the divorce, even though they were not married. The record also shows that previously the mother was an unfit parent. Thereafter, however, it appears, and she demonstrated to the Trial Judge that she had reformed her life, as shown by the evidence which supports the following finding of fact by the Trial Court:

Now, it comes to the more difficult question of custody. You know, there's no way that you can put any monetary value on this, obviously. This is the hardest thing -- one of the -- probably the hardest thing that I have to do as a judge. This case has problems that tend to complicate matters a great deal more than maybe your average case; and that is that the parties live in different states and visitation is hard, and it's just a bad situation. But the court is faced with it; and of course, the Court can't move the parties or anything. We have to deal with them where they are.

I have several factors to consider, which counsel has handed me a copy of and which we deal with a lot. I think -- I would find that both parties love this child. I don't -- I don't question that. Emotional ties -- due to the way this case has progressed, the child has been with the mother. Rightly or wrongly, that has been the case. And so there is -- I would find that there is a strong emotional tie between the mother and the child based on the proof that we have here, and that is a consideration. There is also, according to the proof, a strong tie between the child here and the other child of the mother, and that's a consideration. The mother apparently has provided pretty much all of the food, clothing, medical care, education and everything for the child, to date. I'm not saying that the father could have done much better, but that's the facts, and that's the way it comes to this Court. The Court has to consider the continuity

2

of the child's life and how -- what matters would be involved in who would get custody. The health of the parties appears to be good on both sides. There's no physical or emotional abuse that I'd find that would factor into this case. There has been considerable proof relating to character of the mother, particularly. And of course, there's some proof relating to the character of the father and the BAQ and whether he -- that honesty question. The Court has considered all of these factors. And based on the proof -- and I -- it's a tough question. But I have not heard anybody say that the mother is not a good mother.[1] Based on everything, I'm going to award custody to the mother.

Our review of the record persuades us that the evidence does not preponderate against the Trial Court's finding of fact and, given the fact that the father and his family live in Wisconsin and are virtual strangers to the child,[2] we concur in his conclusions of law based thereon.

In light of this we believe this is an appropriate case for affirmance under Rule 10(a) of this Court.

In reaching our determination, we have not overlooked the specific acts of misconduct set out in the father's appellate brief. (See appendix.) In connection therewith, we observe that some are not disputed: (a), (c), (e), (i), (j), (k); some of which are disputed: (g), (m), and others questionable or only partially true: (b), (d), (f), (h), and (l).

---

[1]     The Trial Judge was obviously referring to Mrs. DeGroot's present, not past, conduct.

[2]     At the time of trial the father had only seen Andrew on two or three occasions for a total period of approximately two hours.

3

In conclusion, we point out two things. First, an award of custody is never final, but subject to change by the court as warranted by changing circumstances. In this regard we suggest that if the father exercises visitation privileges accorded him, resulting in a bonding with his son, and the mother persists in her illicit relationship with Mr. Campbell, the Court might, upon proper petition, find that it is in the best interest of Andrew that his custody be awarded to the father. Second, we suggest it may be appropriate for the Trial Court to appoint the Department of Human Services to monitor the mother's conduct with periodic unannounced visits to determine whether she has continued to be rehabilitated or reverted to her previous conduct.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for such other proceedings, if any, as may be necessary and collection of costs below. Costs of appeal are adjudged against Mr. DeGroot and his surety.

_____
Houston M. Goddard, P.J.

4

CONCUR:


_____
Charles D. Susano, Jr., J.


_____
William H. Inman, Sr.J.